**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2147
_____

DEJUAN B. THORNTON-BEY,
                                        Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:21-cv-00874)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 on
September 22, 2022

Before:  AMBRO, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: September 29, 2022)
_____

_____

## OPINION[*]

_____

**PER CURIAM**

DeJuan B. Thornton-Bey appeals from orders of the District Court dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2241 and denying his motion for reconsideration under Federal Rule of Civil Procedure 59(e).  For the reasons that follow, we will summarily affirm.

In 2002, a jury in the United States District Court for the Northern District of Illinois found Thornton-Bey guilty of possession of a firearm by a felon, possession with intent to distribute a schedule I controlled substance in a public housing authority facility, and using and carrying a firearm in relation to a drug trafficking crime.  In January 2003, he was sentenced to 387 months in prison.  His direct appeal was dismissed by the Seventh Circuit for want of prosecution.

Between 2008 and 2016, Thornton-Bey filed multiple unsuccessful motions pursuant to 28 U.S.C. § 2255 in the Northern District of Illinois challenging his convictions and sentence and asserting various jurisdictional challenges.  In his most recent appeal to the Seventh Circuit, Thornton-Bey was cautioned "that his jurisdictional challenges are frivolous, and if he continues to pursue them, he could incur sanctions."  Thornton-Bey v. United States, 840 F. App'x 18, 20 (7th Cir. 2021).

_____

[*]  This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In April 2016, and again in August 2017, Thornton-Bey filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania. Both petitions were dismissed for lack of jurisdiction. In May 2021, Thornton-Bey filed this § 2241 petition, alleging that the federal government failed to obtain "primary jurisdiction (legal custody)" over him, and that the Bureau of Prisons (BOP) is therefore "illegally detaining petitioner." D.Ct. ECF No. 1 at 2. According to Thornton-Bey, "the federal government should not have received petitioner from the State of Illinois because the state court judge had no authority to relinquish a state's primary jurisdiction." D.Ct. ECF No. 10 at 3. Thornton-Bey requested that he be transferred "back to the U.S. District Court Northern Illinois … to resolve this … illegal imprisonment." D.Ct ECF No. 1 at 8.

The Government answered the § 2241 petition, arguing that the District Court lacked jurisdiction to consider it. The District Court agreed and dismissed the petition without prejudice to Thornton-Bey's right to seek authorization from the appropriate court of appeals to file a second or successive § 2255 motion. Thornton-Bey filed a Rule 59(e) motion for reconsideration, which the District Court denied.

Thornton-Bey appeals. The parties were notified that the appeal would be submitted for possible dismissal under 28 U.S.C. § 1915(e)(2)(B) and for possible summary action under Third Circuit L.A.R. 27.4 and I.O.P. 10.6. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review the District Court's factual findings for clear error. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We review the denial of a Rule 59(e) motion for abuse of

3

discretion.  See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

In support of his appeal, Thornton-Bey repeats his assertion that the "federal government NEVER NEVER held primary jurisdiction (legal custody) of Plaintiff that is needed to imprison Plaintiff." 3d Cir. ECF No. 7 at 2.  Thus, despite his assertions to the contrary, Thornton-Bey is challenging the jurisdiction of the court which imposed his sentence and the resulting legality of his incarceration.  But a prisoner's claims challenging the legality of his federal conviction and sentence must ordinarily be raised in a motion under 28 U.S.C. § 2255 filed in the sentencing court.  See 28 U.S.C. § 2255(a) (A prisoner alleging "that the court was without jurisdiction to impose such a sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  Such claims may not be raised in a § 2241 petition, except where the remedy under § 2255 would be "inadequate or ineffective."  28 U.S.C. § 2255(e); Dorsainvil, 119 F.3d at 251.  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Cradle, 290 F.3d at 539.  Rather, we have repeatedly emphasized that the safety valve provision of § 2255(e) is extremely narrow and applied only in rare circumstances.  See, e.g., Dorsainvil, 119 F.3d at 251-52.

As the District Court correctly determined, Thornton-Bey has not shown that § 2255 is inadequate or ineffective to challenge the jurisdiction of the sentencing court and the resulting legality of his detention.  The fact that Thornton's prior § 2255 motions

4

challenging jurisdiction have been unsuccessful and have drawn a warning from the Seventh Circuit does not render similar claims appropriate under § 2241. Thornton-Bey's claim falls within the purview of § 2255 and, as the District Court noted, he may seek the Seventh Circuit's authorization under § 2255(h) to file another § 2255 motion.

The District Court correctly determined that it did not have jurisdiction to consider Thornton-Bey's § 2241 petition challenging the legality of his detention, and did not abuse its discretion in denying his Rule 59(e) motion, which raised the same challenges to his conviction contained in his § 2241 petition. As this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.